Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 1242 | **DATE** | 6/20/2001 |
| **CASE TITLE** | Zic vs. The Italian Government, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Defendants' motion to dismiss amended complaint (73-1) is granted in part with respect to the fraud claim in count II against Mr. Falcone, but it is denied in part with respect to the remaining fraud claims in count II, denied with respect to counts I and V, granted with respect to the unjust enrichment (Count III) and quantum meruit (Count IV) claims, which are limited to five years prior to the filing of this lawsuit. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JUN 21 2001 date docketed | 113 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | 15 docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | 6/20/2001 date mailed notice | |
| MPJ | courtroom deputy's initials | | 01 JUN 20 PM 4:52 | |
| | | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

CLAUDE ZIC,)
)
    Plaintiff,)
)
v.)
)
THE ITALIAN GOVERNMENT)
TRAVEL OFFICE, a/k/a ENIT,)
a/k/a ENTE NAZIONALE ITALIANO)  No. 99 C 1242
TER IL TURISMO, d/b/a ITALIA USA;)
MARIO FALCONE; MARINO CORONA;)
ARMANDO FOSCHI; AUGUSTINO PETTI;)
GABRIELLE PALA; RUGGERO RUGGERI;)
and GUISEPPE SALVATORE,)
)
    Defendants.)

## MEMORANDUM OPINION AND ORDER

I dismissed several counts of Mr. Zic's complaint on January 19, 2001, *see Zic v. The Italian Gov't Travel Office*, 130 F. Supp. 2d 991, 1001 (N.D. Ill. 2001), but I allowed him to file an amended complaint, *see* Minute Order of February 9, 2001. The general factual basis of the amended complaint is the same as the original complaint, and is set forth in my January 19 opinion. *See id.* at 994. The defendants move to dismiss Mr. Zic's amended complaint, which includes claims for breach of written and oral agreements against the Italian Government Travel Office ("ENIT")[1] (Count I),

---

[1] The defendants ask me to dismiss the individual defendants from the amended complaint. However, as I read Mr. Zic's amended complaint, he seeks relief for breach of contract from ENIT only, so the request is moot. In any event, I have already held that, based on the allegations in the complaint, no action for breach of

promissory fraud against all defendants (Count II), and unjust enrichment (Count III), *quantum meruit* (Count IV), and promissory estoppel (Count V) against ENIT. On a motion to dismiss, I accept all well-pleaded factual allegations in the complaint as true and draw all inferences in favor of the plaintiff. *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999). Dismissal is only appropriate where it appears beyond doubt that the plaintiff can prove no set of facts to support his claim. *Id.* at 846.

ENIT argues that the written contract claim is barred "in part" by the statute of limitation and that Mr. Zic should be barred from recovering for any damages for breaches occurring before the ten-year statute of limitation. As I stated in my previous order, a five-year statute of limitation applies in this case because Mr. Zic sues on a written contract that has been orally modified. *See Armstrong v. Guigler*, 673 N.E.2d 290, 294 (Ill. 1996). The statute of limitation for breach of contract runs from the date of breach, not from the date that the plaintiff suffers injury or incurs damages. *See Hermitage Corp. v. Contractors Adjustment Co.*, 651 N.E.2d 1132, 1135 (Ill. 1995). Mr. Zic alleges that ENIT made a series of oral promises modifying its obligations under the original contract, and that it did not make good on those promises at any time between 1982 and 1998. Drawing

---

contract lies against the individual defendants, *Zic*, 130 F. Supp. 2d at 996, and nothing in the amended complaint changes my previous determination.

2

all inferences in his favor, as I must on a motion to dismiss, *see Henderson*, 196 F.3d at 845, he alleges a single breach of ENIT's oral and written contracts with him in 1998, when ENIT failed to recognize accrued seniority or make retroactive salary increases. His original complaint, filed in 1999, is well within the statute of limitation. To the extent that the defendants argue that damages on a timely-filed contract claim are limited to those incurred during the five-year statute of limitation, they confuse a statute of limitation, which restricts the time to bring a claim, with a statute of repose, which extinguishes the action itself after a fixed period of time. *See Goodman v. Harbor Mkt., Ltd.*, 663 N.E.2d 13, 18 (Ill. App. Ct. 1995).

Mr. Zic's *quantum meruit* and unjust enrichment claims, however, are barred in part by the statute of limitation. There is no apparent dispute that both claims are quasi-contractual causes of action,[2] subject to the general five-year statute of limitation of 735 ILCS 5/13-205, which applies to "unwritten contracts, expressed or implied." *See Woodfield Lanes, Inc. v. Village of Schaumburg*, 523 N.E.2d 36, 40 (Ill. App. Ct. 1988). The question is when the causes of action accrued and started the running of the

---

[2] The elements of the actions are similar: both require a plaintiff to prove that the defendant has received some benefit from the plaintiff which it would be unjust for him to retain without paying the plaintiff. *See O'Neil & Santa Claus, Ltd. v. Xtra Value Imports, Inc.*, 365 N.E.2d 316, 319 (Ill. App. Ct. 1977) (*quantum meruit*); *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 545 N.E.2d 672, 679 (Ill. 1989) (unjust enrichment).

3

clock on the statutes of limitation. Mr. Zic argues that his claims did not accrue until 1998, when ENIT failed to recognize accrued seniority or make retroactive salary increases to which he believed he was entitled, but this misunderstands the essence of a *quantum meruit* claim, which is not the plaintiff's expectancy of payment, but the unjust enrichment of the defendant. *Rutledge v. Housing Auth. of E. St. Louis*, 411 N.E.2d 82, 85-86 (Ill. App. Ct. 1980). Thus, the cause of action accrues upon presentment and subsequent rejection of a bill for services, or as soon as the services were rendered. *Rohter v. Passarella*, 617 N.E.2d 46, 52 (Ill. App. Ct. 1993). The remaining question is when Mr. Zic would have been entitled to demand payment.

Mr. Zic suggests that his services were "continuous," and that therefore his cause of action did not accrue until the work was "completed." His complaint says that he had an employment agreement with ENIT and that his salary and benefits *were* paid, although not in the amount desired. He worked for ENIT for nearly 20 years; I cannot reasonably infer that his employment arrangement called for payment for all services rendered when he left ENIT's employ. *Cf. Much Shelist Freed Denenberg & Ament, P.C. v. Lison*, 696 N.E.2d 1196, 1199 (Ill. App. Ct. 1998) (cause of action for attorney working on contingency fee accrues upon client's recovery or attorney's discharge, whichever occurs first). The presumption in Illinois is that, unless there was an agreed fixed term of

service, he was employed on a year-to-year basis and that individual causes of action therefore accrued at the close of each year. *Rohter*, 617 N.E.2d at 53. ENIT's failure to pay the incremental salary and benefits to which Mr. Zic believed he was entitled was unjust the moment the services were rendered, not for the first time in 1998 when ENIT ultimately failed to pay him the lump sum. He may therefore recover on a theory of *quantum meruit* or unjust enrichment only for the five years prior to the filing of his complaint.

The defendants argue that Mr. Zic fails to state a claim for breach of oral contract because he has failed to plead facts supporting the existence of an oral contract. This is federal court, and for most claims, including contract claims, a plaintiff need not plead facts to match every element of a legal theory. *See Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998). Conclusory allegations may be sufficient so long as they give notice of the claim. *McCormick v. City of Chicago*, 230 F.3d 319, 324-25 (7th Cir. 2000). Mr. Zic alleges that ENIT made oral promises to induce him not to seek other employment. These allegations provide notice of his claim, and that is all that is required. The same reasoning defeats the defendants' argument that Mr. Zic failed to plead facts in support of his promissory estoppel claim (Count V).

Under Fed. R. Civ. P. 9(b), however, heightened pleading requirements apply to fraud claims. A plaintiff must allege "the

5

who, what, when, where, and how" of the fraud. *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Mr. Zic has repleaded his promissory fraud claim, and the defendants move to dismiss it for failure to state a claim and failure to satisfy Fed. R. Civ. P. 9(b). A plaintiff claiming promissory fraud must "point to specific, objective manifestations of fraudulent intent--a scheme or device." *Bower v. Jones*, 978 F.2d 1004, 1012 (7th Cir. 1992). Although a single broken promise is insufficient to state a claim for promissory fraud, "a series of unfulfilled promises is better (though of course not conclusive) evidence of fraud than a single unfulfilled promise." *Speakers of Sport, Inc. v. Proserv, Inc.*, 178 F.3d 862, 866 (7th Cir. 1999). Repeated false promises of future payment to induce a party to provide services may be an actionable scheme. *See HPI Healthcare Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 545 N.E.2d 672, 683 (Ill. 1989).

I dismissed Mr. Zic's promissory fraud claim before because he had failed to plead any objective manifestations of fraudulent intent or anything that would support an inference of fraudulent intent. *Zic*, 130 F. Supp. 2d at 995-996. However, the amended complaint corrects this defect. A fraudulent scheme may exist where a defendant repeatedly lies to the same plaintiff. *Allied Vision Group, Inc. v. RLI Vision Corp.*, No. 95 C 3783, 1997 WL 417394, at *4 (N.D. Ill. July 22, 1997) (citing *HPI*, 545 N.E.2d at 681-82). Moreover, when a defendant attempts to avoid obligations

6

to a plaintiff and makes repeated unfulfilled promises, a scheme may exist. *See id.* Mr. Zic's amended complaint alleges that ENIT repeatedly promised that any new contracts would include retroactive pay and seniority, and he has added the allegation that ENIT employees fraudulently represented to him that the Chicago office was closing, an event he says would terminate his contract. He alleges that the office never in fact closed, and that the misrepresentation was an attempt to avoid paying benefits due to him under the contract. Drawing all inferences in Mr. Zic's favor, he has alleged objective manifestations of fraudulent intent and stated a claim for promissory fraud. *See R.F. Barron Corp. v. Nuclear Fields (Austl.) Pty. Ltd.*, No. 91 C 7610, 1994 WL 573722, at *5-6 (N.D. Ill. Oct. 17, 1994) (Gottschall, J.) (finding that plaintiff stated claim under similar circumstances).

The particularity requirement of Rule 9(b) means that a plaintiff may not "lump" multiple defendants together in a fraud claim; he must identify the nature of each defendant's participation in the alleged fraud. *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 778 (7th Cir. 1994). Here, Mr. Zic has provided dates, the speaker and the substance of the statement for most of the promises, and, although he does not identify a location for each statement, he does provide a location for some of them. I find that his omission in the other instances is not fatal. He has provided enough particularity to provide

7

notice of which of the defendants' actions he alleges to be fraudulent and to indicate that he has researched his claim, two important policies underlying Rule 9(b). *See id.* at 777. However, he fails to identify any particular actions of Mario Falcone, so Mr. Falcone is dismissed from the fraud claim.

The defendants' Motion to Dismiss the Amended Complaint is GRANTED IN PART with respect to the fraud claim in Count II against Mr. Falcone, but it is DENIED IN PART with respect to the remaining fraud claims in Count II, DENIED with respect to Counts I and V, GRANTED with respect to the unjust enrichment (Count III) and *quantum meruit* (Count IV) claims, which are limited to five years prior to the filing of this lawsuit.

**ENTER ORDER:**

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: June 20, 2001

Copies have been mailed to:

Allan E. Lapidus  
Vedder, Price, Kaufman & Kammholz  
222 N. LaSalle Street, #2600  
Chicago, IL 60601

Attorney for Plaintiff

Michael J. Hayes  
Gardner, Carton & Douglas  
321 N. Clark Street, #3000  
Chicago, IL 60610-4795

Attorney for Defendants